.
# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHAN KOROLLOCKE**  ) | |
| ) | **Civil Action No.** |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.**  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and other state laws.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.   Plaintiff Stephan Korollocke is an adult individual residing at 3400 4th Avenue S., Great Falls, MT.

5.   Defendant NCO Financial Systems, Inc. is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.  The principal purpose of

Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to AES by Plaintiff (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, Plaintiff had satisfied the debt, therefore, he did not owe the debt to Defendant.

9. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone.

10. At all times pertinent hereto, Plaintiff never gave express consent to Defendant to call his cellular telephone.

11. In or around September 2010, Defendant initially contacted Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.

12. In or around October 2010, Defendant contacted Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted. Defendant contacted Plaintiff while he was at work, and Plaintiff told Defendant's representative that it was inconvenient for him to receive calls during business hours, that his employer prohibits such communications, and that he did not want to be called on his cellular telephone

again.  Plaintiff also told Defendant's representative that he had satisfied the debt and owed nothing to Defendant.

13. Notwithstanding the above, and continuing through June 2011, Defendant contacted Plaintiff's cellular telephone multiple times per week, sometimes up to five times per day, using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant also called Plaintiff numerous times during business hours, despite the fact that Defendant knew Plaintiff's employer prohibited such communications.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with the consumer at their place of employment when the Defendant knew or had reason to know that the consumer's employer prohibits them from receiving such communications.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

17. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

20. Defendant knew or should have known that its actions violated the FDCPA and the TCPA.  Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

(a) Communicating with persons at an unusual time or place or a time or place known or which should be known to be inconvenient;

(b) Communicating with the consumer at their place of employment when the Defendant knew or had reason to know that the consumer's employer prohibits them from receiving such communications;

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

(d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(e) Falsely representing the amount, character or legal status of the debt; and

(f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff

in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## SECOND CLAIM FOR RELIEF- VIOLATION OF THE TCPA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff's cellular telephone.

33. Defendant initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

34. Defendant violated the TCPA. Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

    (a) initiating telephone calls to Plaintiff's cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiff's express consent; and

    (b) initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent *bona fide* error, express consent from the Plaintiff, lawful right, legal defense legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff's to an award of statutory, actual and treble damages.

### THIRD CLAIM FOR RELIEF- INVASION OF PRIVACY

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendant, by repeatedly contacting Plaintiff during business hours on his cellular telephone after being told that he had satisfied the debt, that such calls were inconvienent and that his employer prohibited such communications, constitutes an invasion of privacy.

40. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in their favor, plus lawful interest thereon.

### JURY TRIAL DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Statutory damages;

(b) Actual damages;

(c) Treble damages;;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

        Respectfully submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
       MARK D. MAILMAN, ESQUIRE
       ERIN A. NOVAK, ESQUIRE
       Attorneys for Plaintiff
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

DATE: September 23, 2011